UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Crim. No. 05-11 (PAM/RLE) |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| Darryl Patrick Bentz, | |
| Defendant. | |

This matter is before the Court on Defendant's Objections to the Report and Recommendation ("R&R") of Magistrate Raymond L. Erickson dated April 26, 2005. In the R&R, Magistrate Judge Erickson recommends that the Court deny Defendant's Motion to suppress his confessions or statements and deny Defendant's Motion to quash his arrest. Pursuant to statute, the Court has conducted a de novo review of the record.  28 U.S.C. § 636(b)(1); Local Rule 72.1(c)(2).  Based on that review and after carefully considering Defendant's objections, the Court concurs with the conclusions of Magistrate Judge Erickson.

**BACKGROUND**

Defendant is charged with nine counts of health care fraud, in violation of 18 U.S.C. § 1347.  On January 18, 2005, pursuant to a Grand Jury Indictment, Magistrate Judge Lebedoff issued a bench warrant authorizing Defendant's arrest.  Defendant was arrested on January 20, 2005, at his home.  Defendant was transported to the FBI office in Minneapolis, Minnesota.  David S. Kiesow, special agent for the Office of the Inspector General of the

United States Department of Health and Human Services, and Todd Thompson, special agent for the FBI, escorted Defendant into an interrogation room. The Government and Defendant offer conflicting accounts of what happened in the interrogation room.

According to the agents, they provided Defendant with his "advice of rights" form, which set forth his Miranda rights. They also read his Miranda rights to him. They asked him if he would be willing to give a statement, and he stated that he wanted an attorney. They stopped the interview. As the agents left the room, Defendant spontaneously stated, "you guys pretty much know what I was doing." Kiesow asked Defendant if he would be willing to talk specifics, and that if so, Defendant would have to waive his previously asserted rights by signing the "advice of rights" form. Defendant acknowledged that he would waive his rights. The agents read the form to Defendant for a second time, and then he signed it. Defendant then made incriminating statements during the interview. Following the interview, Thompson prepared a report that detailed Defendant's statements. Defendant read the report, made necessary changes to the report, initialed each page and signed the report.

According to Defendant, the agents took him into the interview room and provided him with the "advice of rights" form. He claims that the told the agents that he wanted an attorney. However, Defendant contends that Kiesow told Defendant that the stack of papers in front him were forged prescriptions, and that Kiesow told Defendant, "You'd be better off if you cooperated." Defendant asserts that he then chose to talk to the agents, believing that

his cooperation would enable him to place a telephone call to his wife, in addition to other benefits.

Magistrate Judge Erickson found the Government's iteration of the events more credible than Defendant's. Magistrate Judge Erickson weighed the witnesses' demeanor, consistency of their testimony, and the totality of the record. Thus, Magistrate Judge Erickson adopted the testimony of Kiesow, in that shortly after Defendant invoked his right to counsel, Defendant made an unsolicited statement that initiated the questioning that produced the incriminating statements. Magistrate Judge Erickson concluded that Defendant knowingly, intelligently, and voluntarily waived his right to counsel, and therefore recommended that Defendant's Motions be denied.

**DISCUSSION**

Defendant makes three objections to the R&R: (1) Defendant's Sixth Amendment rights were violated because the Government deliberately elicited incriminating statements from Defendant in the absence of counsel but after Defendant had been indicted; (2) Defendant unequivocally invoked his right to counsel, which the Government ignored; and (3) Defendant's purported waiver of his right to an attorney was not valid under the Fifth and Sixth Amendments because it was not voluntary. The Court finds Defendant's objections without merit.

Defendant was questioned post-indictment in the absence of counsel. The Sixth Amendment prohibits the use at trial of statements deliberately elicited from a suspect after he has been indicted and in the absence of counsel. Massiah v. United States, 377 U.S. 201,

206 (1964). Defendant argues that Kiesow and Thompson deliberately elicited incriminating statements from Defendant. The Court disagrees. Kiesow and Thompson immediately ceased interrogation as soon as Defendant requested an attorney. Unprovoked and on his own volition, Defendant almost immediately initiated discussions with Kiesow and Thompson. The Court agrees with Magistrate Judge Erickson that the Government did not deliberately elicit statements from Defendant, but rather Defendant initiated his interrogation. The Court further agrees with Magistrate Judge Erickson that although Defendant initially invoked his right to counsel, Defendant subsequently knowingly and intelligently waived his right to counsel. See Owens v. Bowersox, 290 F.3d 960, 964 (8th Cir. 2002).

Defendant insists that his statements were not voluntary under the totality of the circumstances. Defendant's statement is not voluntary if the totality of the circumstances demonstrates that his will was overborne. See United States v. Glauning, 211 F.3d 1085, 1087 (8th Cir. 2000). The Court finds that Magistrate Judge Erickson properly evaluated the totality of the circumstances and concluded that Defendant's statements were voluntary.

**CONCLUSION**

Pursuant to statute, the Court has conducted a de novo review of the record. 28 U.S.C. § 636(b)(1); Local Rule 72.1(c)(2). Based on that review and after carefully reviewing Defendants' objections, the Court ADOPTS the R&R. Accordingly, based on the records, files and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion to Quash Arrest and to Suppress Evidence Illegally Seized (Clerk Doc. Nos. 38, 40, 47, 48) is **DENIED**; and

2. Defendant's Motion to Suppress Confessions or Statements in the Nature of Confessions (Clerk Doc. No. 32) is **DENIED**.

Dated: May 12, 2005

                                              s/ Paul A. Magnuson
                                              Paul A. Magnuson
                                              United States District Court Judge